# Exhibit A

Electronically Issued
7/17/2026 11:09 AM

**SUMM**
James W. King, Esq.
Nevada Bar No. 002880
**LAW OFFICES OF JAMES W. KING**
801 S. Rancho Drive, Suite E8
Las Vegas, Nevada 89106
Telephone: (702) 595-6082
Fax: (702) 731-9181
Email: jkparkcity@gmail.com
*Attorney for Plaintiffs*

**WASHINGTON COUNTY CONSTABLE**
801-654-0750
DATE _____ TIME _____
PERSON _____
LOCATION _____
OFFICER _____

## DISTRICT COURT

## CLARK COUNTY, NEVADA

JAMES W. KING, ESQ., an individual, and )
LAW OFFICES OF JAMES W. KING, a )
Nevada Corporation, )
                                )
         Plaintiffs, )
                                )
vs. )
                                )
CHRISTOPHER M. MOORE, an )
individual, )
                                )
         Defendant. )
_____ )

**CASE NO.: A-26-949762-C**
**DEPT. NO. 19**

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT: A civil Complaint has been filed against you for the relief set forth in the Complaint.

## CHRISTOPHER M. MOORE

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

/ / /

-1-

Case Number: A-26-949762-C

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

TIMOTHY F. ANDREWS
CLERK OF THE COURT

By: _M. White_    7/18/2026
Deputy Clerk    Date
Michelle White

Issued at the request of:

LAW OFFICES OF JAMES W. KING

_/s/ James W. King_
James W. King, Esq.
Nevada Bar No. 002880
801 S. Rancho Dr., Suite E8
Las Vegas, Nevada 89106
*Attorneys for Plaintiffs*

-2-

Electronically Filed
7/17/2026 11:08 AM
TIMOTHY F. ANDREWS
CLERK OF THE COURT

**SACOM**
James W. King, Esq.
Nevada Bar No. 002880
**LAW OFFICES OF JAMES W. KING**
801 S. Rancho Drive, Suite E8
Las Vegas, Nevada 89106
Telephone: (702) 595-6082
Fax: (702) 731-9181
Email: jkparkcity@gmail.com
*Attorney for Plaintiffs*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JAMES W. KING, ESQ., an individual, and LAW OFFICES OF JAMES W. KING, a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER M. MOORE, an individual,<br><br>Defendant. | CASE NO.: A-26-949762-C<br>DEPT. NO. 19<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>EXEMPTION CLAIMED:<br>DAMAGES EXCEED $100,000.00 |

COME NOW Plaintiffs , JAMES W. KING, ESQ. , and LAW OFFICES OF JAMES W. KING , by and through their attorney , JAMES W. KING , ESQ., and hereby demand a trial by jury and complain and allege against Defendant CHRISTOPHER M. MOORE as follows:

I.

### PARTIES

1. James W. King , Esq., (Hereinafter " Plaintiff King ") is and was , at all times relevant hereto , a resident of Clark County , State of Nevada .

2. Plaintiff King is and was , at all times relevant hereto , a practicing attorney licensed in the State of Nevada in good standings with the State Bar of Nevada.

3. The Law Offices of James W. King (Hereinafter " Plaintiff Law Offices " ), is and was at all times relevant hereto , a Nevada Corporation.

/ / /

-1-

4. Christopher M. Moore ( Hereinafter " Defendant ") , upon information and belief , is and was at all times relevant hereto , a resident of Washington County , Utah.

II.

JURISDICTION AND VENUE

5. Plaintiff King , is and was at all times relevant hereto , a resident of Clark County , the State of Nevada.

6. Plaintiff Law Offices , is and was at all times relevant hereto, a licensed and registered Nevada Corporation , located in Clark County , State of Nevada , and  authorized to do business in and from Clark County , State of Nevada.

7. Commencing on or about June 1 , 2021 and continuing to on or about June 1, 2024, for a period of  three (3) years,  Defendant repeatedly solicited , received , acted upon and benefited from legal advice provided by Plaintiff King as a representative of Plaintiff Law offices regarding multiple non -business related personal legal matters .

8. Defendant , on July 16, 2024 at 4:14 PM , deliberately published , directed and delivered a defamatory emailed to a third party resident of and in Clark County wherein Defendant deliberately stated Plaintiff King was , in pertinent part ,  a  " ... CORRUPT living pos. " (Emphasis added)  At all times relevant hereto , it was reasonably foreseeable that when Defendant deliberately published this defamatory email to a third party resident of and in Clark County , he caused harm and damages to the professional reputation of Plaintiff King and Plaintiff Law Offices within Clark County and could expect to be sued in Clark County for committing the tort of Defamation per se and Defamation in Clark County , State of Nevada.

9. Separate and distinct from the above , on November 25, 2024,  Defendant deliberately dialed , directed and executed a telephone call to a third party resident of and in Clark County. During the course of this specific telephone call , Defendant deliberately made and published multiple defamatory statements regarding Plaintiff King to said third party resident of and in Clark County.  At all times relevant hereto , it was reasonably foreseeable to Defendant that when he deliberately published and made these multiple defamatory statements to a third party resident of and in Clark County , he caused harm and damages to the professional reputation of  Plaintiff King and Plaintiff Law Offices within Clark County  and could expect to be sued in Clark County for committing the tort of Defamation per se and Defamation  in Clark County , State of Nevada.

-2-

10. Jurisdiction is proper in this Court pursuant to Nevada NRS 14.065.

11. Venue is proper in this Court pursuant to Nevada NRS 13.040 because : (1) Plaintiff King is a resident of Clark County , State of Nevada ; (2) Plaintiff Law Offices is a Nevada Corporation located in Clark County, State of Nevada , (3) Defendant deliberately directed his defamatory email to a Clark County third party resident while she was in Clark County ; and (4) Defendant deliberately directed his defamatory statements to a second Clark County third party resident while she also was in Clark County , State of Nevada.

12. In addition , venue is proper in this Court pursuant to Nevada NRS 13.040, since Plaintiffs have designated Clark County where the action shall be tried and Defendant, based upon information and belief, resides outside the State of Nevada .

III.

FACTUAL ALLEGATIONS

13. Commencing on or about June 1, 2021 , and continuing on consistently for a period in excess of one (1) year , Defendant repeatedly solicited , received , acted upon and benefited from legal advice provided by Plaintiff King as a representative of Plaintiff Law Offices regarding a possible medical malpractice case involving his now deceased wife , Crystal Rene Moore. During this entire period of time , Defendant demonstrated that he was receptive to , complimentary of and grateful for the professional legal services provided to him by Plaintiff King.

14. Commencing on or around March 1, 2023 , and continuing on consistently to on or about May 1 , 2024 , Defendant repeatedly solicited , received , acted upon and benefited from legal advice provided by Plaintiff King as a representative of Plaintiff Law Offices regarding a possible medical malpractice case involving Defendant and the alleged failure to diagnose his kidney disease. During this entire one (1) year and two (2) month period , Defendant demonstrated that he was receptive to , complimentary of and grateful for the professional legal services provided to him by Plaintiff King.

15. On April 20, 2024 , Defendant was in a car accident . From the accident scene , Defendant called Plaintiff King . During this call and continuing on consistently to on or about June 20 , 2024 , Defendant repeatedly solicited , received , acted upon and benefited from legal advice provided by Plaintiff King as a representative of Plaintiff Law Offices regarding personal injuries to himself and his passenger wife as well as property damage to his vehicle . During this entire two (2)

-3-

month period , Defendant demonstrated that he was receptive to , complimentary of and grateful for the professional legal services provided to him by Plaintiff King.

16. Commencing on or about June 1, 2024 and continuing to on or about July 1, 2024, Defendant repeatedly solicited , received , acted upon and benefited from legal advice provided by Plaintiff King as a representative of Plaintiff Law Offices regarding estate planning related to the ownership transfer of a Springdale residential property. Throughout this entire 30 day period, Defendant demonstrated that he was receptive to , complimentary of and grateful for the professional services provided to him by Plaintiff King.

17. On July 7, 2024 , Plaintiff Law Offices emailed to Defendant its invoice in the amount of $ 2,475.00  for legal services provided in relation to the estate planning and ownership transfer of a Springdale residential property.

18. On July 16, 2024 at 3:31 PM , Plaintiff Law Offices emailed Defendant its invoice in the amount of $ 1, 375.00 for legal services provided in relation to the property damage issues arising from Defendant's April 20 , 2024 auto accident.

19. On July 16 , 2024 at 4:14 PM , Defendant deliberately drafted , directed and delivered an email to a third party resident of and in  Clark County wherein  he stated , in pertinent part , that Plaintiff King was a "  ... CORRUPT living pos." (Emphasis added)

20. On November 18 , 2024 , Plaintiff Law Offices emailed to Defendant its FINAL DEMAND FOR PAYMENT OF ATTORNEY FEES , attaching both the aforementioned July 7, 2024 and July 16, 2024 invoices. Defendant has ignored this demand and tendered no payment.

21. On November 25 , 2024 , Defendant deliberately dialed , directed and executed a telephone call to a third party resident of and in Clark County and stated , in pertinent part , that Plaintiff King was ,   "...practicing law illegally in Nevada ..." , "... practicing law illegally in Utah...", and " being investigated by the Feds...".

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-4-

IV.

FIRST CAUSE OF ACTION

DEFAMATION PER SE

22. Plaintiffs incorporate and re-allege all preceding paragraphs as if fully stated herein.

23. On July 16, 2024 at 4:14 PM, Defendant deliberately emailed and published to a third party resident of and in Clark County a fabricated, false written statement wherein Defendant stated as a fact that Plaintiff King was "...a corrupt living pos".

24. Defendant's referenced statement is fabricated, false and was published to impugn Plaintiffs' professional reputations, honesty, integrity, and eliminate their business opportunities.

25. Defendant knew, for among other reasons, three (3) years of soliciting, receiving, acting upon and benefiting from the legal services provided by Plaintiffs, that his referenced emailed statement was fabricated, false and made with reckless disregard for the truth, thereby constituting actual Malice.

26. Defendant's referenced fabricated, false emailed statement was published to at least one third party resident of and in Clark County.

27. Defendant's referenced fabricated, false emailed statement was unprivileged.

28. Plaintiffs are not public figures.

29. Defendant's referenced fabricated, false emailed statement was intended to undermine Plaintiffs' professional reputations, excite derogatory opinions about Plaintiffs and eliminate their business opportunities.

30. Defendant's referenced fabricated, false emailed statement directly and proximately caused, among other things, harm to Plaintiffs' professional reputations and a loss of business.

31. Defendant's referenced fabricated, false emailed statement has caused Plaintiffs to incur general, compensatory and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.000).

32. Defendant's referenced fabricated, false statement constitutes Defamation Per Se, making Plaintiffs' damages presumed.

33. Defendant acted with malice towards Plaintiffs and has exhibited an uninhibited intention and willingness to harm Plaintiffs and should be made an example of by the imposition of punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

34. As a result of Defendant's conduct , Plaintiffs have had to devote time and expenses to this case and are entitled to reasonable attorney fees and costs.

V.

SECOND CAUSE OF ACTION

DEFAMATION PER SE

35. Plaintiffs incorporate and re-allege all preceding paragraphs as if fully stated herein.

36. On November 25, 2024 , Defendant dialed , directed and executed a telephone call to a third party resident of and in Clark county , during which Defendant deliberately stated and published as fact that Plaintiff King was , in pertinent part , " ...practicing law illegally in Nevada ..." , and "...practicing law illegally in Utah..." , and .."being investigated by the Feds...".

37. Defendant's referenced statements are fabricated , false and were deliberately published by Defendant to impugn Plaintiffs professional reputations , honesty , integrity , and eliminate their business opportunities.

38. Defendant knew , for among other reasons , three (3) years of soliciting , receiving , acting upon and benefiting from the legal services provided by Plaintiffs , that his referenced statements were fabricated , false and made with reckless disregard for the truth , thereby constituting actual malice.

39. Defendant's referenced fabricated , false statements were published to at least one third party resident of and in Clark County.

40. Defendant's referenced fabricated , false statements were unprivileged.

41. Plaintiffs are not public figures.

42. Defendant's referenced fabricated , false statements were intended to undermine Plaintiffs' professional reputations , excite derogatory opinions about Plaintiffs and eliminate their business opportunities.

43. Defendant's referenced fabricated , false statements directly and proximately caused , among other things , harm to Plaintiffs' professional reputations and a loss of business.

44. Defendant's referenced fabricated , false statements have caused Plaintiffs to incur general, compensatory and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

45. Defendant's referenced fabricated, false statement constitute Defamation Per Se, making

-6-

Plaintiffs' damages presumed.

46. Defendant has acted with malice towards Plaintiffs and has exhibited an uninhibited intention and willingness to injure Plaintiffs and should be punished and made an example of by imposition of punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

47. As a result of Defendant's conduct as set forth herein, Plaintiffs have had to devote time and expenses to this case and are entitled to reasonable attorney fees and costs.

VI.

THIRD CAUSE OF ACTION

DEFAMATION

48. Plaintiffs incorporate and re-allege all preceding paragraphs as if fully stated herein.

49. On July 16, 2024 at 4:14 PM , Defendant deliberately emailed and published to a third party resident of and in  Clark County a fabricated , false written emailed statement wherein Defendant stated as a fact that Plaintiff King was "...a corrupt living pos".

50. Defendant's referenced emailed statement is fabricated, false and was published to impugn Plaintiffs' professional reputations , honesty , integrity , and business opportunities.

51. Defendant knew , for among other reasons,  three (3) years of soliciting, receiving, acting upon and benefiting from the legal services provided by Plaintiffs , that his referenced emailed statement was  fabricated , false and made with reckless disregard for the truth , thereby constituting actual Malice.

52. Defendant's referenced fabricated , false emailed statement was published to at least one third party resident of  and in Clark County.

53. Defendant's referenced fabricated,  false emailed statement was unprivileged.

54. Plaintiffs are not public figures.

55. Defendant's referenced fabricated , false emailed statement was intended to undermine Plaintiffs' professional reputations , excite derogatory opinions about Plaintiffs and eliminate their business opportunities .

56. Defendant's referenced fabricated , false emailed statement directly and proximately caused , among other things , harm to Plaintiffs' professional reputations and a loss of business.

/ / /

/ / /

-7-

57. Defendant's referenced fabricated , false emailed statement has caused Plaintiffs to incur general, compensatory and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.000).

58. Defendant's referenced fabricated , false emailed statement constitutes Defamation.

59. Defendant acted with malice towards Plaintiffs and has exhibited an uninhibited intention and willingness to harm Plaintiffs and should be made an example of by the imposition of punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

60. As a result of Defendant's conduct , Plaintiffs have had to devote time and expenses to this case and are entitled to reasonable attorney fees and costs.

VII.

FOURTH CAUSE OF ACTION

DEFAMATION

61 Plaintiffs incorporate and re-allege all preceding paragraphs as if fully stated herein.

62. On November 25, 2024 , Defendant dialed , directed and executed a telephone call to a third party resident of and in Clark county during which Defendant deliberately stated as a fact and published , in pertinent part , that Plaintiff King was " ...practicing law illegally in Nevada ..." , and "...practicing law illegally in Utah..." , and .."being investigated by the Feds...".

63. Defendant's referenced statements are fabricated , false and were deliberately published by Defendant to impugn Plaintiffs professional reputations , honesty , integrity , and eliminate their business opportunities.

64. Defendant knew , for among other reasons , three (3) years of soliciting, receiving, acting upon and benefiting from the legal services provided by Plaintiffs , that these referenced statements were fabricated , false and made with reckless disregard for the truth, thereby constituting actual malice.

65. Defendant's referenced fabricated , false statements were published to at least one third party resident of and in Clark County.

66. Defendant's referenced fabricated , false statements were unprivileged.

67. Plaintiffs are not public figures.

/ / /

/ / /

-8-

68. Defendant's referenced fabricated , false statements were intended to undermine Plaintiffs' professional reputations , excite derogatory opinions about Plaintiffs and eliminate their business opportunities.

69. Defendant's referenced fabricated , false statements directly and proximately caused, among other things , harm to Plaintiffs' professional reputations and a loss of business.

70. Defendant's reference fabricated, false statements have caused Plaintiffs to incur general, compensatory and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

71. Defendant's referenced fabricated , false statements constitute Defamation.

72. Defendant has acted with malice towards Plaintiffs and has exhibited an uninhibited intention and willingness to injure Plaintiffs and should be punished and made an example of by imposition of punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

73. As a result of Defendant's conduct as set forth herein, Plaintiffs have had to devote time and expenses to this case and are entitled to reasonable attorney fees and costs.

VIII.

FIFTH CAUSE OF ACTION

FALSE LIGHT

74. Plaintiffs incorporate and re-allege all preceding paragraphs as if fully stated herein.

75. On July 16, 2024, Defendant intentionally and with reckless disregard of the truth emailed and published to a third party resident of and in Clark County his written fabricated , false email stating as a fact that Plaintiff King was a " ... corrupt pos."

76. Defendant deliberately published this referenced fabricated, false emailed statement with the specific intent to cause harm to Plaintiffs' professional reputations and pecuniary interests.

77. Defendant's referenced fabricated , false emailed statement directly and proximately caused, among other things, harm and damages to Plaintiffs' professional reputations and a loss of business.

78. As a direct result of Defendant's referenced fabricated, false emailed statement, Plaintiffs have suffered general, compensatory and special damages in an amount in excess of Fifteen Thousand dollars ( $15,000.00).

///

-9-

79. Defendant referenced fabricated , false emailed statement is highly offensive and inflammatory, and thus actionable.

80. Defendant has acted with malice towards Plaintiffs and has exhibited an uninhibited intention and willingness to harm Plaintiffs and should be punished and made an example of by the imposition of punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

81. As a result of Defendant's conduct as set forth herein , Plaintiffs have had to devote time and expenses to this case and are entitled to attorney fees and costs.

IX.

SIXTH CAUSE OF ACTION

FALSE LIGHT

82. Plaintiffs incorporate and re-allege all preceding paragraphs as if fully stated herein.

83. On November 25 , 2024, Defendant intentionally and with reckless disregard of the truth stated as a fact and published to a third party resident of and in Clark County that Plaintiff king was "...practicing law illegally in Nevada..." , and "... practicing law illegally in Utah ..." , and '... being investigated by the Feds...".

84. Defendant deliberately published these fabricated, false statements with the specific intent to cause harm to Plaintiffs' professional reputations and pecuniary interests.

85. Defendant's referenced fabricated , false statements directly and proximately caused , among other things , harm and damages to Plaintiffs' professional reputations and a loss of business.

86. Defendant's referenced fabricated, false statements are highly offensive and inflammatory, and thus actionable.

87. As a direct result of Defendant's referenced fabricated , false statements , Plaintiffs have suffered general, compensatory and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

88. Defendant has acted with malice towards Plaintiffs and has exhibited an uninhibited intention and willingness to harm Plaintiffs and should be punished and made an example of by the imposition of punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

89. As a result of Defendant's conduct as set forth herein , Plaintiffs have had to devote time and expenses to this case and are entitled to attorney fees and costs.

///

## X.

## PRAYER FOR RELIEF

WHEREFORE , Plaintiffs pray for judgement against Defendant as follows:

1. General damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. Compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

3. Special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

4. Defendant has acted with malice towards Plaintiffs and has exhibited an uninhibited intention and willingness with a reckless disregard of the truth to harm Plaintiffs, and Defendant should be punished and made an example of by the imposition of punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

5. For pre-and post judgement interest as provided by law;

6. Costs of suit , reasonable attorney fees, interest incurred herein; and

7. For such other and further relief as just and proper.

DATED this 17 day of July, 2026.

LAW OFFICES OF JAMES W. KING

_/s/  James W. King_
James W. King, Esq.
Nevada Bar No. 002880
801 S. Rancho Dr., Suite E8
Las Vegas, Nevada 89106
*Attorney for Plaintiffs*

-11-

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorney of record, LAW OFFICES OF JAMES W. KING, hereby demand a jury trial of all issues in the above matter.

DATED this 17 day of July, 2026.

LAW OFFICES OF JAMES W. KING

_/s/  James W. King_
James W. King, Esq.
Nevada Bar No : 002880
801 S. Rancho Dr., Suite E8
Las Vegas, Nevada  89106
*Attorney for Plaintiffs*

-12-